# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROSALIND JACKSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 15-230 |
| v. | ) | |
| | ) | Judge Nora Barry Fischer |
| PNC BANK, | ) | |
| | ) | |
| Defendant. | ) | |

_____

| | | |
|---|---|---|
| JALAINE GETHERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 15-1559 |
| v. | ) | |
| | ) | Judge Nora Barry Fischer |
| PNC BANK, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

## I.   INTRODUCTION

This matter involves two separate actions wherein Plaintiff Rosalind Jackson ("Jackson") and Plaintiff Jalaine Gethers ("Gethers") have alleged claims of employment discrimination against Defendant PNC Bank ("PNC").   Presently before the Court is Jackson's Motion for Reconsideration and Motion to Conduct Discovery.  (Docket Nos. 74, 80 at Civil Action No. 15-230).   Also before the Court is Gethers's Motion for Reconsideration and Motion to Conduct Discovery.  (Docket Nos. 67, 75 at Civil Action No. 15-1559).   PNC opposes all of the pending motions, which have been exhaustively briefed and argued at a motion hearing before the Court.  After careful consideration of the parties' positions, and for the following reasons, Jackson's and

1

Gethers's respective motions will be DENIED.

## II. FACTUAL BACKGROUND

The facts of these matters are set forth extensively in this Court's previous memorandum opinions. *See Jackson v. PNC Bank*, No. 15-CV-230, 2016 U.S. Dist. LEXIS 174044, at *5-13 (W.D. Pa. Dec. 16, 2016); *Gethers v. PNC Bank*, No. 15-CV-1559, 2017 U.S. Dist. LEXIS 70510, at *6-21 (W.D. Pa. May 9, 2017). In *Jackson*, the Court granted, in part, and denied, in part, PNC's Motion for Summary Judgment on December 16, 2016. 2016 U.S. Dist. LEXIS 174044. Specifically, the Court granted PNC's motion for summary judgment as to Jackson's claim for unlawful termination and denied the motion as to Jackson's failure-to-promote claim. *Id.* at *14-27. After the parties filed their pretrial statements, the Court held a status conference on January 17, 2017, at which time trial was set for July 24, 2017. (Docket Nos. 62, 63, 64, 65 at Civil Action No. 15-230). In *Gethers*, the Court granted PNC's motion for summary judgment and denied Gethers's motion for summary judgment on May 9, 2017. 2017 U.S. Dist. LEXIS 70510, at *22-45. That same day, the Court entered judgment in favor of PNC and against Gethers, and closed the case. (Docket No. 65 at Civil Action No. 15-1559).

On May 16, 2017, Attorneys Edward A. Olds and Jaimie L. George entered their appearances on behalf of Jackson and filed a motion to continue the trial. (Docket Nos. 66, 67, 68 at Civil Action No. 15-230). After PNC filed objections to Jackson's motion to continue, the Court held a motion hearing on May 22, 2017. (Docket Nos. 70, 72 at Civil Action No. 15-230). The Court granted Jackson's motion to continue and vacated its pretrial order until further order of Court. (Docket Nos. 72, 73 at Civil Action No. 15-230). On June 6, 2017, Attorneys Olds and George entered their appearances on behalf of Gethers. (Docket Nos. 66, 69 at Civil Action No.

15-1559).

### III. PROCEDURAL HISTORY

Jackson filed a Motion for Reconsideration of the Court's order granting PNC's motion for summary judgment as to her claim for unlawful termination, along with a supporting brief and exhibits, on June 13, 2017. (Docket Nos. 74, 75 at Civil Action No. 15-230). PNC filed a response in opposition on July 7, 2017. (Docket No. 76 at Civil Action No. 15-230). On July 17, 2017, Jackson filed a reply, to which PNC filed a sur-reply on July 27, 2017. (Docket Nos. 79, 82 at Civil Action No. 15-230). On July 17, 2017, Jackson filed a Motion to Conduct Discovery, to which PNC responded in opposition on August 1, 2017. (Docket Nos. 80, 83 at Civil Action No. 15-230).

Gethers filed a Motion for Reconsideration of the Court's order granting PNC's motion for summary judgment, along with a supporting brief and exhibits, on June 6, 2017. (Docket Nos. 67, 68 at Civil Action No. 15-1559). PNC filed a response in opposition on July 7, 2017. (Docket No. 71 at Civil Action No. 15-1559). On July 17, 2017, Gethers filed a reply, to which PNC filed a sur-reply on July 27, 2017. (Docket Nos. 74, 77 at Civil Action No. 15-1559). On July 17, 2017, Jackson filed a Motion to Conduct Discovery, to which PNC responded in opposition on August 1, 2017. (Docket Nos. 75, 78 at Civil Action No. 15-1559).

The Court heard oral argument on August 8, 2017. (Docket Nos. 84, 87 at Civil Action No. 15-230; Docket Nos. 79, 82 at Civil Action No. 15-1559). The parties agreed to advise the Court by August 21, 2017, with respect to whether they requested additional briefing. (Docket No. 84 at Civil Action No. 15-230; Docket No. 79 at Civil Action No. 15-1559). After PNC requested an opportunity to file supplemental briefing, the Court entered a Scheduling Order.

(Docket Nos. 85, 86 at Civil Action No. 15-230; Docket Nos. 80, 81 at Civil Action No. 15-1559). The parties filed their respective supplemental briefing on September 22, 2017, along with their respective responses to same on October 6, 2017. (Docket Nos. 90, 91, 92, 93 at Civil Action No. 15-230; Docket Nos. 85, 86, 87, 88 at Civil Action No. 15-1559).

## IV. LEGAL STANDARD

### A. Pro Se Status

As discussed above, the Court notes at the outset that Jackson and Gethers proceeded pro se throughout the summary judgment proceedings. As such, the Court liberally construed their pleadings and other submissions. *See, e.g.*, *N'Jai v. United States EPA*, No. 13-CV-1212, 2014 U.S. Dist. LEXIS 162950, at *3 (W.D. Pa. Nov. 20, 2014); *Jackson v. Davis*, No. 13-CV-1717, 2014 U.S. Dist. LEXIS 95600, at *26 (W.D. Pa. July 14, 2014). Despite Jackson's and Gethers's status as pro se litigants, they were still required to comply with this Court's rules, policies, and procedures. *N'Jai*, 2014 U.S. Dist. LEXIS 162950, at *3-4; *N'Jai v. Floyd*, No. 07-CV-1506, 2009 U.S. Dist. LEXIS 45130, at *71 (W.D. Pa. May 29, 2009) ("[A] pro se litigant is not excused from compliance with the Federal Rules of Civil Procedure or this Court's Local Rules"). The Court cautioned Jackson and Gethers of same throughout the litigation of their respective cases. (*See* Docket Nos. 12, 14, 43, 46 at Civil Action No. 15-230; Docket Nos. 2, 17 at Civil Action No. 15-1559).

### B. Motions for Reconsideration

Summary judgment on Jackson's claim for unlawful termination was entered on December 16, 2016. *Jackson*, 2016 U.S. Dist. LEXIS 174044. Thus, the standard applicable to Jackson's motion is articulated in Federal Rule of Civil Procedure 60(b) as follows:

(b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

FED. R. CIV. P. 60(b). "A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." FED. R. CIV. P. 60(c)(1). A "movant under Rule 60(b) bears a heavy burden," and "[w]e view Rule 60(b) motions as extraordinary relief which should be granted only where extraordinary justifying circumstances are present." *Bohus v. Beloff*, 950 F.2d 919, 930 (3d Cir. 1991) (internal quotations omitted). Relief under Rule 60(b) relief should "be reserved for those cases of injustices which . . . are deemed sufficiently gross to demand a departure from rigid adherence to the doctrine of res judicata." *United States v. Beggerly*, 524 U.S. 38, 46 (1998) (internal quotations omitted).

As to Gethers, final judgment on her claims was entered on May 9, 2017. *Gethers*, 2017 U.S. Dist. LEXIS 70510. Gethers filed her Motion for Reconsideration on June 6, 2017, twenty-eight days after final judgment was entered. (Docket No. 67 at Civil Action No. 15-1559). Thus, Federal Rule of Civil Procedure 59(e), which provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment," applies. FED. R. CIV. P. 59(e). "Motions for reconsideration under Rule 59(e) of the Federal Rules of Civil

Procedure are granted sparingly '[b]ecause federal courts have a strong interest in finality of judgments.'" *Jacobs v. Bayha*, No. 07-CV-237, 2011 U.S. Dist. LEXIS 27926, at *4 (W.D. Pa. Mar. 18, 2011) (quoting *Cont'l Cas. Co. v. Diversified Indus.*, 884 F. Supp. 937, 943 (E.D. Pa. 1995)). "Because of the interest in finality, at least at the district court level . . . the parties are not free to relitigate issues the court has already decided." *Williams v. City of Pittsburgh*, 32 F. Supp. 2d 236, 238 (W.D. Pa. 1998). The purpose of a motion for reconsideration is "'to correct manifest errors of law or fact or to present newly discovered evidence.'" *Max's Seafood Cafe by Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (quoting *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985)). Accordingly, a court may grant a motion for reconsideration only if the moving party shows: (1) an intervening change in the controlling law; (2) the availability of new evidence which was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice. *Id.*

### C. Motions to Reopen Discovery

It is well settled that a district court may modify a scheduling order upon a showing of "good cause." FED. R. CIV. P. 16(b)(4). This authority extends to requests to reopen discovery. *In re Chocolate Confectionary Antitrust Litig.*, No. 1:08-MDL-1935, 2013 U.S. Dist. LEXIS 104819, at *39 (M.D. Pa. July 25, 2013). The decision whether to reopen discovery is committed to the sound discretion of the district court, which is broad. *LeBoom v. Lancaster Jewish Cmty. Ass'n*, 503 F.3d 217, 235 (3d Cir. 2007); *Sempier v. Johnson & Higgins*, 45 F.3d 724, 734 (3d Cir. 1995). This Court's Practices and Procedures reinforce the Court's discretion with respect to discovery, including the time period for discovery. *See* Practices and Procedures of Judge Nora Barry Fischer, Sept. 19, 2017, III.B.1., http://www.pawd.uscourts.gov/Documents/Judge/

fischer_pp.pdf ("Extensions of time for discovery are permitted for cause shown, provided that the case has been advanced by counsel during the initial period of discovery.").  For purposes of Rule 16(b)(4), the existence of "good cause" turns on a variety of factors, including: (1) whether the moving party's lack of diligence or the opposing party's conduct contributed to the delay; (2) potential prejudice caused by the discovery extension; and (3) any other factors the trial court, in its discretion, determines to be relevant.  *See* 6A Federal Practice and Procedure, § 15222.2, 313-16.

## V. DISCUSSION

### A. Motions for Reconsideration

As noted above, the Court granted PNC's motion for summary judgment as to Jackson's claim for unlawful termination and denied the motion as to Jackson's failure-to-promote claim. *Jackson*, 2016 U.S. Dist. LEXIS 174044, at *14-27.  In granting summary judgment as to Jackson's claim for unlawful termination, the Court held that Jackson had failed to establish a prima facie case because her termination did not occur in a manner raising an inference of unlawful discrimination.  *Id.* at *15-21.  Specifically, the Court found that the record evidence showed that PNC terminated Jackson and Gethers simultaneously for circumventing PNC's Automated Clearing House ("ACH") procedures at least nine times.  *Id.* at *17.  The Court determined that "[t]he fact that two African-American employees were terminated for the same misdeed does not raise an inference of unlawful discrimination," as "[n]o record evidence show[ed] that PNC treated non-African-American employees who evaded the ACH transaction rules differently than it treated Jackson and Gethers."  *Id.* at *17-18.  Rather, the record evidence demonstrated that "PNC terminated non-African-American employees for infractions similar to what Jackson and Gethers

did" and that "PNC terminates employees for code of ethics violations regardless of race." *Id.* at *20-21.

With respect to Gethers's case, the Court likewise concluded that PNC had a legitimate non-discriminatory reason for terminating Gethers and Jackson. *Gethers*, 2017 U.S. Dist. LEXIS 70510, at *23-33. Specifically, the Court found that Gethers had failed to establish a prima facie case for unlawful termination because "none of her arguments or the evidence she cites indicates that PNC treated a similarly situated employee better than it treated her because of race." *Id.* at *32-33. Based upon the record evidence and Gethers's and Jackson's admissions, which showed that they violated PNC's code of ethics, the Court held that PNC had a legitimate non-discriminatory reason for terminating them. *Id.* at *33. Similarly, the Court determined that Gethers had failed to establish a prima facie case for retaliation because there was no causal relationship between her filing complaints, her termination, and PNC's alleged resistance to her receipt of unemployment benefits and because Gethers's contention that her supervisor was "very cold" to her did not constitute a materially adverse employment action. *Id.* at *38-42.[1]

---

[1] In reaching its decisions as to both cases involving Jackson and Gethers, the Court studied the complete record, including the full deposition transcripts of Gethers and Jackson, (Docket Nos. 74-4, 74-5 at Civil Action No. 15-230), and conducted its own independent research. Further, the Court's decisions are consistent with other employee-discipline cases within the Third Circuit. To this end, the Third Circuit recently upheld the District Court's decision to grant summary judgment in a case where the plaintiff, who was an African-American woman, was fired after the defendant determined that she had permitted a customer to open an account by submitting an expired driver's license. *Hood v. Citizens Bank of Pa.*, 694 F. App'x 80 (3d Cir. 2017). The Third Circuit affirmed the District Court's conclusion that the plaintiff had failed to provide evidence that her termination was pretextual because none of the employees to whom she pointed as comparators were similarly situated. *Id.* at 82; *see also Hood v. Citizens Bank of Pa.*, No. 14-CV-867, 2016 U.S. Dist. LEXIS 68842, at *24-29 (W.D. Pa. May 24, 2016) (explaining why the plaintiff had failed to identify proper comparators).

Similarly, this District consistently grants summary judgment in cases where the plaintiff has failed to identify similarly situated comparators. In *Moore v. PNC Financial Services Group*, No. 13-CV-1659, 2015 U.S. Dist. LEXIS 110936 (W.D. Pa. Aug. 21, 2015), like the instant cases initiated by a pro se plaintiff, the District Court concluded that the plaintiff had not established a prima facie case because he did not adduce any evidence with respect to the existence of preferentially treated comparators. *Id.* at *12-14; *see also Anderson v. UPS*, No. 13-CV-135, 2015 U.S. Dist. LEXIS 33550 (W.D. Pa. Mar. 18, 2015) (granting summary judgment where the plaintiff failed to identify proper

## 1.  Jackson's Motion for Reconsideration

Jackson seeks reconsideration of the Court's dismissal of her claim for unlawful termination on the bases that:  (1) there was no evidence that her actions resulted in an inappropriate personal gain or advantage; (2) there was evidence that permission was unnecessary to perform reversal requests; (3) there was no evidence that a policy required employees to visit a retail branch to initiate a return transaction; and (4) PNC's misrepresentation of the policies and rules governing reversal transactions suggests a causal nexus between her race and her dismissal. (Docket No. 75 at Civil Action No. 15-230).[2]

In her supplemental brief, Jackson argues that she is entitled to reconsideration based upon "new evidence that was initially provided to Gethers by PNC as part of Rule 26 disclosures. (Docket No. 90 at 1; *see also* Docket Nos. 90-1, 90-2).  Specifically, Jackson asserts that a handwritten note "contains smoking gun evidence casting significant doubt on the veracity of the reasons PNC is now advancing to explain its decision to fire Gethers and Jackson."  (Docket No. 90 at 2).  In support thereof, Jackson points to PNC Senior Employee Relations Investigator Jean Olenak's note stating:

> Amy told you not to process the return.  In discussions w/ business and legal it has been determined *that you assisted Roz in defrauding PNC by keying in ACH reversals that were not legitimate disputes*.  Therefore, your employment is terminated effective today.

(*Id.* at 3 (emphasis in original); *see also* Docket No. 90-1 at 8).  Jackson contends that Olenak's

---

comparators); *Boyd v. Citizens Bank of Pa., Inc.*, 2014 U.S. Dist. LEXIS 70210 (W.D. Pa. May 22, 2014) (same); *Epps v. First Energy Nuclear Operating Co.*, No. 11-CV-1462, 2013 U.S. Dist. LEXIS 41140 (W.D. Pa. Mar. 25, 2013) (same).

[2] Unless otherwise specified, all citations to docket entries in this section relate to Civil Action No. 15-230.

note establishes that Olenak acted upon false information because PNC's counsel disavowed any suggestion that she or Gethers had engaged in fraud. (Docket No. 90 at 4). She maintains that she had a right under the National Automated Clearing House Association's ("NACHA") procedures to reverse the transactions. (*Id.* at 5). Jackson insists that because there was no evidence that the reversals were not legitimate, PNC "argued a newly concocted *legitimate* reason for its action" with respect to the Code of Ethics. (*Id.* at 6-8 (emphasis in original)). She also claims that PNC did not disclose its position "about the centrality of the Reg E Group investigation to fire [her] and Gethers," as it failed to disclose the policies, rules, and procedures that govern the group under Federal Rule of Civil Procedure 26. (*Id.* at 8-12). In addressing her second exhibit, Jackson also argues that PNC failed to produce the complete investigative file because the exhibit is a summary that appears to be incomplete. (*Id.* at 15; *see also* Docket No. 90-2).

In this Court's estimation, Jackson has not raised any valid arguments establishing that she is entitled to relief under Rule 60(b). Indeed, it appears to the Court that only subsections (1), (2), (3), and (6) could apply to Jackson's motion.[3] *See* FED. R. CIV. P. 60(b)(1), (2), (3), (6). The Court will first address Rule 60(b)(2) and (3), as Jackson primarily argues that she has discovered new evidence which PNC fraudulently withheld during discovery. As to Rule 60(b)(2), it is well settled that it must be shown that the new evidence "(1) [is] material and not merely cumulative, (2) could not have been discovered before trial through the exercise of reasonable diligence and (3) would probably have changed the outcome of the trial." *Coregis Ins. Co. v. Baratta & Fenerty, Ltd.*, 264 F.3d 302, 309 (3d Cir. 2001).

---

[3] Jackson broadly states that she is entitled to reconsideration "under Rule 60," without providing reference to any subsections of the rule. (Docket No. 90 at 1).

Here, Jackson has admitted that the exhibits attached to her supplemental brief were provided as part of PNC's Rule 26 disclosures.  (Docket No. 90).[4]  Hence, they do not constitute "new evidence," as same "'means evidence that a party could not earlier submit to the court because that evidence was not previously available.'"  *Blystone v. Horn*, 664 F.3d 397, 415-16 (3d Cir. 2011) (quoting *Howard Hess Dental Labs. Inc. v. Dentsply Int'l, Inc.*, 602 F.3d 237, 252 (3d Cir. 2010)); *see also Schock v. Baker*, 663 F. App'x 248, 252 (3d Cir. 2016) (explaining that new evidence is evidence that was not previously available, "not merely evidence submitted following an adverse court ruling"); *Hernandez v. United States*, 608 F. App'x 105, 109 (3d Cir. 2015) (holding that the plaintiff's "supplemental evidence" did not constitute "new evidence" because "all that he submitted . . . was information that was available at the summary judgment stage"). This Court has consistently followed the well-settled law of the Third Circuit holding that information that was available and previously known does not constitute "new evidence" under Rule 60(b)(2).  *See, e.g.*, *Volkay v. Court of Common Pleas*, No. 14-CV-193, 2016 U.S. Dist. LEXIS 89353, at *10 (W.D. Pa. July 11, 2016) (holding that the plaintiff's evidence, which consisted of deposition excerpts and attachments thereto, were "readily available" when he filed his initial motion); *Houser v. Folino*, 2016 U.S. Dist. LEXIS 51526, at *3 (W.D. Pa. Apr. 18, 2016) (denying the plaintiff's request for relief under Rule 60(b)(2) because the "newly discovered evidence" was not "information that was available but unknown at the time of trial"); *Pondexter v. Allegheny County Hous. Auth.*, No. 04-CV-536, 2007 U.S. Dist. LEXIS 78525, at *4-5 (W.D. Pa. Oct. 23, 2007) (denying the plaintiff's request for relief under Rule 60(b)(2) because he "has

---

[4] Moreover, in addressing PNC's argument that Jackson has not presented new evidence that was unavailable at the time of summary judgment, Jackson concedes that "[i]n the strictest, literal sense, this might be true."  (*Id.* at 12).

not, in fact, offered any newly discovered evidence, but rather has provided only citation to case law and bald allegations"); *Jackson v. City of Pittsburgh*, 2011 U.S. Dist. LEXIS 87421, at *113 (W.D. Pa. Aug. 8, 2011) (determining that the plaintiff had failed to meet his "heavy burden" under Rule 60(b)(2) because he provided only cumulative evidence rather than new evidence).

Further, in applying the factors set forth in *Coregis Insurance Co.*, the Court finds that Jackson's exhibits: (1) are not material; (2) could have been, and were, discovered previously; and (3) would not have changed the outcome of the Court's decision. *Coregis Ins. Co.*, 264 F.3d at 309. To this end, Jackson baldly asserts that Olenak's handwritten note proves that PNC changed the reasoning for Jackson's and Gethers's termination. Indeed, Jackson concedes that she does not know when or why the note was prepared but merely asserts that it "*appears* to disclose why Olenak acted to fire Gethers and Jackson." (Docket No. 90 at 3 (emphasis added)). Similarly, Jackson argues that PNC did not produce the complete investigative file because the summary provided "*appears* to be incomplete on its face." (*Id.* at 15 (emphasis added)). Such unsupported speculation is not material to the Court's previous summary judgement decision. *See, e.g.*, *Robertson v. Allied Signal, Inc.*, 914 F.2d 360, 382 n.12 (3d Cir. 1990) ("[A]n inference based upon a speculation or conjecture does not create a material factual dispute sufficient to defeat entry of summary judgment."). Not only are Jackson's exhibits immaterial and were previously available, but they also would not have changed the outcome of the Court's decision because, as discussed above, Jackson failed to establish a prima facie claim for unlawful termination, and Gethers failed to establish prima facie claims for unlawful termination and retaliation.

With respect to Rule 60(b)(3), it is well settled that "'[t]o prevail, the movant must establish that the adverse party engaged in fraud or other misconduct, and that this conduct prevented the

moving party from fully and fairly presenting his case. . . . Failure to disclose or produce evidence requested in discovery can constitute Rule 60(b)(3) misconduct.'" *LG Elecs. U.S.A., Inc. v. Whirlpool Corp.*, 798 F. Supp. 2d 541, 568 (D. Del. 2011) (quoting *Stridiron v. Stridiron*, 698 F.2d 204, 207 (3d Cir. 1983)). Claims under Rule 60(b)(3) must be proven by clear and convincing evidence. *Id.* As previously explained, Jackson has admitted that the exhibits attached to her supplemental brief were provided as part of PNC's Rule 26 disclosures. (Docket No. 90). Thus, there is simply no evidence, let alone clear and convincing evidence, that PNC engaged in any fraud or other misconduct. *See, e.g.*, *Hatchigian v. Int'l Bhd. of Elec. Workers Local 98 Health & Welfare Fund*, 610 F. App'x 142, 143-44 (3d Cir. 2015) (affirming the District Court and explaining that "[e]ven assuming that [the plaintiff] did not receive the letter, this fact alone does not constitute fraud"); *Jackson*, 2011 U.S. Dist. LEXIS 87421, at *115-16 (holding that even if documents were wrongfully withheld, which the defendants disputed, the plaintiff had a full and fair opportunity to present his theories); *Talley v. City of Atl. City*, No. 04-CV-1146, 2007 U.S. Dist. LEXIS 49486, at *8-9 (D.N.J. July 10, 2007) (denying motion for reconsideration because "[c]laims of fraud must be plead with factual specificity" and "blanket, conclusory allegations . . . with no factual support, do not suffice").[5]

---

[5] To the extent Jackson argues that she was hampered in discovery, it is well settled that a Rule 60(b) motion should not be granted merely because a litigant "did not draw on the Court's power to recover the discovered information." *In re Flonase Antitrust Litig.*, Nos. 16-1124 and 16-3019, 2017 U.S. App. LEXIS 26385, at *20 (3d Cir. Dec. 22, 2017). To this end, neither Jackson nor Gethers sought the Court's intervention as to deficiencies in disclosures or discovery responses. Although Jackson and Gethers did not mount depositions, both had the opportunity to do same, as well as to serve requests for admissions and production and to file motions to compel. The Court granted one discovery extension to Jackson and three discovery extensions to Gethers. (*See* Docket No. 45 at Civil Action No. 15-230; Docket Nos. 32, 35, 38 at Civil Action No. 15-1559). As this Court has recognized, pro se litigants are afforded a certain degree of leniency. *Boyd v. Citizens Bank of Pa., Inc.*, No. 12-CV-332, 2014 U.S. Dist. LEXIS 70210, at *6 (W.D. Pa. May 22, 2014). However, "the Court is not required to craft arguments, sift through the summary judgment record, and/or locate documents that preclude summary judgment; rather, that is the Plaintiff's burden." *Id.* at *57 n.12.

As to Rule 60(b)(1), Jackson has not offered any support demonstrating that the Court's decision was the result of mistake, inadvertence, surprise, or excusable neglect. FED. R. CIV. P. 60(b)(1). Rather, Jackson contends that she is entitled to reconsideration merely because her counsel has presented "information and argument that was literally *not available to the [C]ourt* before counsel entered their appearance." (Docket No. 90 at 12 (emphasis in original)). The Court finds meritless Jackson's argument for several reasons. First, it is well settled that "[t]he purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence" and that, therefore, "[a] motion for reconsideration is not an opportunity for a party to present previously available evidence or new arguments." *Dep't of Envtl. Prot. v. Beazer East, Inc.*, No. 09-CV-1123, 2011 U.S. Dist. LEXIS 110572, at *6 (W.D. Pa. Sept. 28, 2011) (quoting *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985); *Federico v. Charterers Mut. Assurance Ass'n, LTD.*, 158 F. Supp.2d 565, 577-78 (E.D. Pa. 2001)); *see also Glielmi v. Raymond Corp.*, No. 09-CV-5734, 2012 U.S. Dist. LEXIS 156548, at *10 (D.N.J. Nov. 1, 2012) (denying motion for reconsideration and explaining that the defendant should have raised the issue "prior to the Court's decision at summary judgment . . . and not in response to an adverse ruling") (internal

---

Additionally, to the extent that Jackson argues that NACHA never came to the fore in discovery, both parties had the opportunity to request additional discovery during the discovery period and even throughout summary judgment proceedings. *See* FED. R. CIV. P. 56; *Shelton v. Bledsoe*, 775 F.3d 554, 566 (3d Cir. 2015) (noting that in responding to a motion for summary judgment, the non-moving party may file a motion if he or she believes that additional discovery is necessary). Further, PNC raised both NACHA and Reg E in depositions of Jackson and Gethers. (Docket Nos. 74-4 at 18-22 (wherein Jackson was questioned with respect to Reg E and NACHA); 74-5 at 33-36 (wherein Gethers was questioned with respect to Reg E) at Civil Action No. 15-230). More importantly, NACHA and Reg E are irrelevant because Jackson's and Gethers's respective terminations occurred as a result of their violation of PNC's code of ethics. Jackson and Gethers both reviewed the code of ethics, understood that they had to abide by it, and received annual training on it. *Gethers*, 2017 U.S. Dist. LEXIS 70510, at *13; *Jackson*, 2016 U.S. Dist. LEXIS 174044, at *9. Given the breadth of the code of ethics, coupled with PNC's determination that Jackson and Gethers had violated same, PNC did not engage in progressive corrective action. *Gethers*, 2017 U.S. Dist. LEXIS 70510, at *29, 32 n.7; *Jackson*, 2016 U.S. Dist. LEXIS 174044, at *21. Further, Jackson and Gethers still have not pointed to any valid comparators under this newly advanced theory.

quotations omitted).

Second, Jackson was pro se during the summary judgment proceedings, as civil litigants "have no statutory right to appointed counsel." *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). Mindful that "[p]leadings and other submissions by a pro se litigant are subject to liberal construction," *N'Jai v. United States EPA*, No. 13-CV-1212, 2014 U.S. Dist. LEXIS 75712, *16 (W.D. Pa. June 3, 2014), the Court permitted Jackson to submit multiple filings in opposition to PNC's motion for summary judgment, heard her oral argument, and invited her to file supplemental briefing and/or evidence after the hearing, which she declined. (*See* Docket Nos. 53, 57, 58).[6] Thus, Jackson had ample opportunity to oppose PNC's motion for summary judgment. The fact that Jackson has now obtained counsel, who has presented new arguments to the Court, does not entitle her to relief under Rule 60(b)(1). Indeed, "Rule 60(b)(1) has never been held to mean that a pro se litigant is entitled to have a judgment reopened merely because his claims could have been more artfully asserted by counsel." *United States v. Lowery*, Nos. 99-CR-267, 01-CV-1310, 2004 U.S. Dist. LEXIS 12212, at *4-5 (E.D. Pa. June 23, 2004) (rejecting the defense counsel's suggestion that "because Defendant was pro se when he initially filed his 2255 Petition, he should be afforded the opportunity to relitigate his claims and add new claims with the benefit of counsel's assistance"). Like the District Court in *Lowery*, this Court "is unwilling to sanction the chaos that would result if pro se status alone provided a basis for reopening judgments." *Id.* at *5. Third, as explained above, counsel's arguments do not persuade the Court that PNC was not entitled to summary judgment on Jackson's claim for unlawful termination.

---

[6] The Court similarly permitted Gethers to submit multiple filings in opposition to PNC's motion for summary judgment, heard her oral argument, and invited her to file supplemental briefing and/or evidence after the hearing. (*See* Docket Nos. 47, 48, 51, 52, 53, 57, 60 at Civil Action No. 15-1559).

Finally, with respect to Rule 60(b)(6), a litigant seeking relief "must show that 'extraordinary circumstances' exist, which requires a showing of 'an extreme and unexpected hardship.'" *Johnson v. United States*, 375 F. App'x 273, 275 (3d Cir. 2010) (quoting *Budget Blinds, Inc. v. White*, 536 F.3d 244, 255 (3d Cir. 2008)). The Third Circuit Court of Appeals has reasoned that "extraordinary circumstances rarely exist when a party seeks relief from a judgment that resulted from a party's deliberate choices." *White*, 536 F.3d at 255.

There are simply no extraordinary circumstances here. While the Court appreciates that Jackson was pro se during the summary judgment stage of these proceedings, but has now obtained counsel, such circumstances do not warrant relief under Rule 60(b)(6). To this end, the Court agrees with the District Court's holding in *Williams v. Brann*, No. 02-CV-940, 2006 U.S. Dist. LEXIS 58578 (E.D. Wis. Aug. 18, 2006). In *Williams*, the plaintiff, who was pro se at the time the Court decided summary judgment, obtained counsel and then sought reconsideration of the District Court's decision granting the defendant's motion for summary judgment. 2006 U.S. Dist. LEXIS 58578, at *3. That District Court affirmed the defendant's position that granting the plaintiff relief under Rule 60(b)(6) "would provide for a rule of law allowing each pro se plaintiff who ultimately obtains counsel to have all prior adverse orders reconsidered." *Id.* at *5. The District Court concluded that "[i]t would be inequitable to allow a plaintiff to use one's pro se status, without more, to constitute exceptional circumstances under Rule 60(b)(6)." *Id.* at *6; *see also Jones v. Frazesn*, No. 07-CV-2758, 2010 U.S. Dist. LEXIS 96909 (E.D. Cal. Sept. 3, 2010) (noting that the pro se plaintiff had obtained counsel and denying motion for relief under Rule 60(b) because he had failed to show entitlement to any relief); *Kennedy v. Sec'y of HHS*, 99 Fed. Cl. 535, 548 (Fed. Cl. Apr. 28, 2011) ("Nor have courts afforded relief under Rule 60(b)(6) where

it was claimed that a litigant should be relieved of a judgment because he or she suffered adverse consequences from a decision to proceed pro se.").  Thus, the Court concludes that Jackson is not entitled to relief under any of the provisions of Rule 60(b), and the Court is not otherwise persuaded that she would meet the standard governing motions for reconsideration as set forth above. Accordingly, the Court will exercise its sound discretion to deny Jackson's Motion for Reconsideration.

### 2.  Gethers's Motion for Reconsideration

As discussed above, Rule 59(e) applies to Gethers's motion because she filed same within twenty-eight days after the entry of judgment.  FED. R. CIV. P. 59(e).  Gethers raises arguments that do not establish any intervening change in the controlling law; any new evidence which was not available when the Court issued its order; or any need to correct a clear error of law or fact or to prevent a manifest injustice.  *Max's Seafood Cafe*, 176 F.3d at 677.  Instead, Gethers seeks only to "relitigate issues the court has already decided."  *Williams*, 32 F. Supp. 2d at 238.  Indeed, all of the issues that Gethers raises in her motion were known and available to her at the time of summary judgment proceedings.  *See, e.g.*, *Piotrowski v. Federman & Phelan, LLP*, No. 05-CV-1455, 2005 U.S. Dist. LEXIS 39999, at *5-6 (M.D. Pa. Dec. 21, 2005) (finding that the plaintiffs, who filed their complaint pro se before obtaining counsel, were not entitled to relief under Rule 59(e) because they "[sought] only to reargue a [motion to dismiss] that the court has already disposed of"); *see also Jones*, 2010 U.S. Dist. LEXIS 96909 (E.D. Cal. Sept. 3, 2010) (noting that the pro se plaintiff had obtained counsel and denying motion for relief under Rule 59(e) because he had failed to show entitlement to any relief).  Thus, the Court finds that Gethers is not entitled to relief under Rule 59(e).

To the extent that Gethers seeks to apply Rule 60(b), for the reasons discussed above, the Court concludes that she is not entitled to relief. *See supra* Section V.A.1. Gethers's previous status as a pro se litigant does not warrant relitigating the summary judgment stage of these proceedings. *See, e.g.*, *Williams*, 2006 U.S. Dist. LEXIS 58578, at *3-6; *Jones*, 2010 U.S. Dist. LEXIS 96909; *Kennedy v. Sec'y of HHS*, 99 Fed. Cl. at 548. Thus, the Court will also exercise its sound discretion to deny Gethers's Motion for Reconsideration. [7]

### B. Motions to Reopen Discovery

In its discretion, the Court finds that there is no reason to warrant the reopening of discovery in Jackson's or Gethers's respective cases. As discussed above, "good cause" to reopen discovery turns on a variety of factors, including: (1) whether the moving party's lack of diligence

---

[7] In their supplemental briefing, the parties dispute whether Jackson's and Gethers's declarations should be rejected as "sham affidavits" and whether the declarations submitted by PNC at summary judgment were proper. (Docket Nos. 90, 91, 92, 93 at Civil Action No. 15-230; Docket Nos. 85, 86, 87, 88 at Civil Action No. 15-1559). Under the sham affidavit doctrine, "a court will disregard an affidavit that is inconsistent with an affiant's prior deposition testimony . . . unless the party relying on the affidavit in opposition to the motion can present a legitimate reason for the discrepancies between the deposition and the affidavit." *Smith v. Johnson and Johnson*, 593 F.3d 280, 285 n.3 (3d Cir. 2010); *see also Cleveland v. Policy Mgmt. Sys. Corp.*, 526 U.S. 795, 806-07 (1999) ("[A] party cannot create a genuine issue of fact sufficient to survive summary judgment simply by contradicting his or her own previous sworn statement (by, say, filing a later affidavit that flatly contradicts that party's earlier sworn deposition) without explaining the contradiction or attempting to resolve the disparity."); *Jiminez v. All Am. Rathskeller, Inc.*, 503 F.3d 247, 251 (3d Cir. 2007) ("[A] party may not create a material issue of fact to defeat summary judgment by filing an affidavit disputing his or her own sworn testimony without demonstrating a plausible explanation for the conflict.") (internal quotations omitted).

Here, the Court rejects as untimely Jackson's and Gethers's argument that the declarations filed by PNC were improper, as same were submitted at summary judgment. *See* FED. R. CIV. P. 56(c)(1)(A) (stating that "[a] party asserting that a fact cannot be or is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record, including . . . affidavits or declarations"). Further, contrary to the parties' arguments, the Court finds that the declarations filed by PNC were not conclusory. As to Jackson's and Gethers's declarations, the Court agrees with PNC's contention that they contain statements that are inconsistent with their deposition testimony. (*See* Docket No. 91 at 5-10 at Civil Action No. 15-230; Docket No. 86 at 5-10 at Civil Action No. 15-1559). Hence, the Court did not heavily weigh the declarations but, nonetheless, considered them given counsel's argument that Jackson and Gethers as lay people may not have understood all the ramifications of the evidence in the case. (*See* Docket Nos. 90 at 21, 93 at 12-13 at Civil Action No. 15-230; Docket Nos. 85 at 21, 88 at 12-13 at Civil Action No. 15-1559). That said, Jackson's and Gethers's declarations do not affect the Court's decision because, for the reasons extensively outlined above, the parties are not entitled to reconsideration.

or the opposing party's conduct contributed to the delay; (2) potential prejudice caused by the discovery extension; and (3) any other factors the trial court, in its discretion, determines to be relevant. *See* 6A Federal Practice and Procedure, § 15222.2, 313-16. Here, Jackson and Gethers have failed to demonstrate that good cause exists to reopen discovery.

With respect to diligence, to establish good cause, the party seeking an extension should show that more diligent pursuit was impossible. *Pritchard v. Dow Agro Sciences*, 255 F.R.D. 164, 175 (W.D. Pa. 2009) (citing *Hewlett v. Davis*, 844 F.2d 109, 113 (3d Cir. 1988) ("The Court of Appeals will not interfere with the discretion of the district court by overturning a discovery order absent a demonstration that the court's actions made it impossible to obtain crucial evidence, and implicit in such a showing is proof that more diligent discovery was impossible.")). It is well settled that "[r]etaining new counsel, by itself, does not establish good cause." *Trask v. Olin Corp.*, 298 F.R.D. 244, 268 (W.D. Pa. Mar. 4, 2014). Here, Jackson and Gethers initially chose to represent themselves. That alone does not establish that more diligent pursuit was impossible. *See, e.g.*, *N'Jai v. Bentz*, No. 13-CV-1212, 2016 U.S. Dist. LEXIS 133917, at *9 (W.D. Pa. Sept. 29, 2016) (noting that "[p]ro se status does not excuse a party's failure to depose witnesses" and denying motion to reopen discovery).

Further, prejudice would result if the Court granted Jackson's and Gethers's motions. As to Jackson, discovery was initially set to close on March 31, 2016. (Docket No. 35 at Civil Action No. 15-230). The Court granted one extension, and discovery ended on May 4, 2016. (Docket Nos. 44, 45 at Civil Action No. 15-230). After ruling upon PNC's motion for summary judgment, the Court set a trial date as to Jackson's claim for failure to promote, namely, July 24, 2017. (Docket No. 65 at Civil Action No. 15-230). Given that both sides had sufficient time to complete

discovery, summary judgment had been decided, and trial was previously set seven months ago, the Court finds that prejudice would result if discovery were to be reopened.[8] *See, e.g.*, *Gadley v. Ellis*, No. 13-CV-17, 2015 U.S. Dist. LEXIS 63914 (W.D. Pa. May 14, 2015) (denying motion to reopen discovery after summary judgment had been decided); *Rose v. City of Allentown*, No. 02-CV-3842, 2004 U.S. Dist. LEXIS 2248, at *7 (E.D. Pa. Feb. 10, 2004) (holding that it would be unfairly prejudicial to the defendants to permit the pro se plaintiff to reopen discovery where the defendants' motion for summary judgment had already been filed); *see also Ickes v. Grassmeyer*, No. 13-CV-208, 2016 U.S. Dist. LEXIS 103873, at *11-13 (W.D. Pa. Aug. 8, 2016) (determining that it would be "inappropriate" to allow a pro se plaintiff to conduct additional discovery after the deadlines for summary judgment had passed); *Perez v. Great Wolf Lodge of the Poconos LLC*, No. 12-CV-1322, 2017 U.S. Dist. LEXIS 19251, at *19 (M.D. Pa. Feb. 9, 2017) ("[T]his case has been set for trial since August 2016 and the Court is not willing to delay trial."); *Maynard v. Sugarloaf Twp.*, No. 06-CV-845, 2011 U.S. Dist. LEXIS 54679, at *12 (M.D. Pa. May 23, 2011) ("Reopening discovery when trial is imminent would disrupt the orderly and efficient trial of this already protracted litigation."). *Cf. Trask*, 298 F.R.D. at 270 (determining that the reopening of discovery would not result in prejudice because the case had not yet been set for trial).

As to Gethers, discovery was initially set to close on July 29, 2016. (Docket No. 24 at Civil Action No. 15-1559). The Court granted the parties additional time to complete discovery on three occasions, with discovery ultimately concluding on November 30, 2016. (Docket Nos. 32, 35, 38 at Civil Action No. 15-1559). In its final order, the Court explicitly stated that "[n]o

---

[8] Indeed, the parties had already filed their pretrial statements, with Jackson filing her pretrial statement on December 28, 2016, and PNC filing its pretrial statement on January 13, 2017. (*See* Docket Nos. 62, 63 at Civil Action No. 15-230).

further discovery extensions will be granted." (Docket No. 38 at Civil Action No. 15-1559). Gethers now seeks to reopen discovery over eight months after discovery ended and after the Court ruled upon the parties' motions for summary judgment. Similar to Jackson, the Court finds that reopening discovery would result in prejudice, given the authority cited above.

As a final matter, the Court recognizes its duty under Rule 1 to expeditiously bring these case to their respective conclusions and finds that reopening discovery runs counter to these principles. FED. R. CIV. P. 1; *Carnegie Mellon Univ. v. Marvell Tech. Group, Ltd.*, No. 09-CV-290, 2013 U.S. Dist. LEXIS 27221, at *9 (W.D. Pa. Feb. 28, 2013). In its discretion, the Court does not find any other factors to be relevant. *See* 6A Federal Practice and Procedure, § 15222.2, 313-16. Accordingly, the Court will deny Jackson's and Gethers's motions to reopen discovery.

## VI. CONCLUSION

Based on the foregoing, Jackson's Motion for Reconsideration and Motion to Conduct Discovery, (Docket Nos. 74, 80 at Civil Action No. 15-230), will be DENIED. Gethers's Motion for Reconsideration and Motion to Conduct Discovery, (Docket Nos. 67, 75 at Civil Action No. 15-1559), will likewise be DENIED. Appropriate Orders follow.

*s/ Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

cc/ecf: All counsel of record.